UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIOLET P. BLANDINA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC,<br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>Defendants. | CLASS ACTION<br><br><br>C. A. No. 13-<br><br>JURY TRIAL DEMANDED |

## COMPLAINT - CLASS ACTION

### I.  INTRODUCTION

1. This is a consumer class action brought on behalf of consumers against a debt collector for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq*. ("FDCPA"). These laws prohibit debt collectors from engaging in false, deceptive, misleading or unfair collection practices.

### II.  JURISDICTION AND VENUE

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. §§ 1331, 1337.

3. Venue lies in this district pursuant to 28 U.S.C. § 1391(b).

### III.  PARTIES

4. Plaintiff Violet P. Blandina is an adult residing in Pennsylvania.

5. Defendant Midland Funding LLC (Funding) is a purchaser of defaulted consumer debt with offices at 8875 Aero Drive, San Diego, California 92123. According to its website, "Midland Funding LLC is one of the nation's biggest buyers of unpaid debt. Midland Funding

LLC purchases accounts with an unpaid balance where consumers have gone at least 180 days without making a payment, or paid less than the minimum monthly payment." *See* http://www.midlandcreditonline.com/who-is-mcm/midland-funding-llc/. Funding is a debt collector as defined by section 1692a(6) of the FDCPA.

6. Defendant Midland Credit Management, Inc. (MCM) is a collector of consumer debt within the meaning of section 1692a(6) of the FDCPA, with offices at 8875 Aero Drive, San Diego, California 92123. MCM collects debt purchased by Funding.

### IV. FACTUAL ALLEGATIONS

7. Funding claims to have purchased Plaintiff's Verizon Pennsylvania Inc. account (the "Verizon debt"). Funding bought the Verizon debt and other like for the purpose of initiating collection activities. Funding used MCM, which shares a common ownership and serve only as a separate company in an attempt to shield Defendants from greater exposure.

8. The alleged debt at issue arose out of transactions which were primarily for personal, family or household purposes.

9. Defendants have been attempting to collect the alleged debt.

10. Defendant's collection attempts include letters sent to Plaintiff dated March 9, 2011, July 30, 2011 and September 10, 2011.

11. In each of the three aforementioned letters, Defendants expressly stated that the amount that Plaintiff owed as of the date of each letter was the sum of $568.10.

12. As such, beginning at least from March 9, 2011, Defendants were not attempting to collect interest on the alleged debt.

13. By letter dated March 8, 2012, Defendants again stated to Plaintiff that the amount of the alleged debt was $568.10. In addition, the March 8, 2012 letter stated as follows:

2

## Benefits of Paying!

### We will stop
### applying interest to
### your account!

A copy of the March 8, 2012 letter is attached hereto as Exhibit A.

14. At the time the March 8, 2012 letter was sent, Defendants were not applying interest to the Plaintiff's account.

15. Defendants had not applied interest to the account since at least March 9, 2011.

16. The statement in the March 8, 2012 letter from Defendants that they would stop applying interest to the account was a false, deceptive and misleading representation or means in connection with the collection of a debt and an unfair or unconscionable means to collect or attempt to collect a debt.

17. Alternatively, if Defendants had in fact been applying interest on the account, then the amount demanded in the March 8, 2012 letter was a false, deceptive and misleading representation or means in connection with the collection of a debt and an unfair and unconscionable means to collect or attempt to collect a debt.

18. Each Defendant knew or should have known that its actions violated the FDCPA. Each Defendant could have taken steps necessary to bring its collection letters into compliance with the FDCPA, but each neglected to do so and failed to adequately review its actions to ensure compliance with the law.

### V.  CLASS ACTION ALLEGATIONS

19. Plaintiff brings this action individually and as a class action, pursuant to Rules 23(a) and 23(b) of the Federal Rules of Civil Procedure, on behalf of the following Class:

   (a) All consumers in the Commonwealth of Pennsylvania to whom, during the

one year prior to the filing of this action and continuing through the resolution of this action, Defendants sent a letter substantially in the form attached hereto as Exhibit A in an attempt to collect any consumer debt; and

(b) All consumers in the Commonwealth of Pennsylvania to whom, during the one year prior to the filing of this action and continuing through the resolution of this action, Defendants sent a letter substantially in the form attached hereto as Exhibit A in an attempt to collect a consumer debt allegedly owed to Verizon Pennsylvania, Inc.

20. The Class is so numerous that joinder of all members is impracticable. Although the precise number of Class members is known only to Defendants, Defendants market themselves as one of the nation's largest debt collectors, and Defendants regularly collect or attempts to collect debt from Pennsylvania consumers.

21. There are questions of law and fact common to the Class which predominate over any questions affecting only individual Class members. The principal common questions include (a) whether the FDCPA was violated by a representation in a standardized form collection letter that Defendants would stop applying interest to an account to which they had not been applying interest; and (b) whether the FDCPA was violated by Defendants' standardized failure to disclose that the amount allegedly due was subject to increase due to the application of interest to the account.

22. Plaintiff's claims are typical of the claims of the Class, which all arise from the same operative facts and are based on the same legal theories.

23. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff is committed to vigorously litigating this matter and has retained counsel experienced in handling class actions and claims involving unfair collection and unlawful business practices. Neither

4

Plaintiff nor her counsel has any interests which might cause them not to vigorously pursue this claim.

24. This action should be maintained as a class action because the prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to individual members which would establish incompatible standards of conduct for the parties opposing the Class, as well as a risk of adjudications with respect to individual members which would as a practical matter be dispositive of the interests of other members not parties to the adjudications or substantially impair or impede their ability to protect their interests.

25. A class action is a superior method for the fair and efficient adjudication of this controversy. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action under the FDCPA are $1,000.00. Management of the Class claims is likely to present significantly fewer difficulties than those presented in many class claims. The identities of the Class members may be obtained from Defendant's records.

### VI. CLAIMS

#### Count One – FDCPA

26. Plaintiff repeats and realleges all paragraphs above as if fully set forth herein.

27. Plaintiff is a "consumer" within the meaning of section 1692a(3) of the FDCPA.

28. Defendants are each a "debt collector" within the meaning of section 1692a(6) of the FDCPA.

29. Defendants' March 8, 2012 letter is a "communication" relating to a "debt" as defined by sections 1692a(2) and 1692a(5) of the FDCPA.

5

30. Defendants violated the FDCPA as to Plaintiff and the Class. Defendant's violations include, but are not limited to, violations of sections 1692e and 1692f of the FDCPA, as evidenced by the following conduct:

(a) using false, deceptive or misleading representations or means in connection with the collection of debt, in violation of section 1692e;

(b) falsely representing the character, amount or legal status of the debt, in violation of section 1692e(2);

(c) using a false representation or deceptive means to collect or attempt to collect a debt, in violation of section 1692e(10);

(d) using unfair or unconscionable means to attempt to collect a debt, in violation of section 1692f; and,

(e) otherwise using false, deceptive, misleading and unfair or unconscionable means to collect or attempt to collect an alleged debt from the Plaintiff.

31. Defendants' actions as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's and the Class's rights under the law and with the purpose of coercing Plaintiff and members of the Class to pay alleged debt.

32. As a result of the violations of the FDCPA, Defendants are each liable to the Plaintiff and members of the Class for actual damages, statutory damages, costs and attorney's fees.

## VII. JURY TRIAL DEMAND

33. Plaintiff demands trial by jury as to all issues so triable.

## VIII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that relief be granted as follows:

    (a)    That an order be entered certifying the proposed Class under Rule 23 of the Federal Rules of Civil Procedure and appointing Plaintiff and her counsel to represent the Class;

    (b)    That judgment be entered against each Defendant for actual damages, pursuant to 15 U.S.C. § 1692k(a)(1);

    (c)    That judgment be entered against each Defendant for statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(B);

    (d)    That the Court award costs and reasonable attorneys' fees, pursuant to 15 U.S.C. § 1692k(a)(3); and,

    (e)    That the Court grant such other and further relief as may be just and proper.

Date: March 5, 2013

                                          *s/ James A. Francis*
                                          FRANCIS & MAILMAN, P.C.
                                          James A. Francis
                                          David A. Searles
                                          Land Title Building, 19th Floor
                                          100 South Broad Street
                                          Philadelphia, PA 19110
                                          (215) 735-8600

                                          SABATINI LAW FIRM, LLC
                                          Carlo Sabatini
                                          216 N. Blakely St.
                                          Dunmore, PA 18512
                                          (570) 341-9000

# EXHIBIT A

**mcm**  
Return Mail Only - No Correspondence  
Dept. 12421  
PO Box 603  
Oaks, PA 19456

| MCM Account Number |
|---|
| 8539094738 |
| **Original Creditor** |
| VERIZON PENNSYLVANIA INC. |
| **CURRENT BALANCE** |
| $568.10 |

03-08-2012

#BWNHLTH  
#0000 0853 9094 7381#   90031 - 10089  
VIOLET P BLANDINA  
740 SLOCUM AVE  
EXETER, PA 18643-1030

Hours of Operation:  
M-Th 6am - 7pm; Fri 6am - 5pm;  
Sat 6am - Noon PST

## Choose The Option That Works For You.

Dear VIOLET,

Congratulations! You have been <u>pre-approved</u> for a discount program designed to save you money. Act now to maximize your savings and put this debt behind you.

**Option 1: 40% OFF**  
Payment Due Date: 04-07-2012  
You Pay Only **$340.86**

**Option 2: 20% OFF**  
First Payment Due Date: 04-07-2012  
6 Monthly Payments of Only **$75.74**

**Option 3: Monthly Payments As Low As:** $50 per month¹  
Call today to discuss your options and get more details.

If these options don't work for you, call one of our Account Managers to help you set up a payment plan that does.

Sincerely,

*[signature]*

Hector Torres, Division Manager  
(800) 282-2644

### Benefits of Paying!

- We will stop applying interest to your account!
- Your credit report will be updated with the payments made!*
- Once you make your agreed-upon payments to settle your account, your credit report will be updated as 'Paid in Full!'*

**CALL US TODAY!**  
**(800) 282-2644**

\* Your credit report will not be updated if the federal reporting period has expired.

For ease and convenience, make payments online and view additional offers at: www.midlandcreditonline.com

PLEASE SEE REVERSE SIDE FOR IMPORTANT INFORMATION

---

*Please tear off and return lower portion with payment in the envelope provided*

### PAYMENT COUPON

MCM Account No.:     8539094738  
Original Account No.: 5706934662528  
Current Balance:     $568.10

**Payment Due Date: 04-07-2012**

Amount Enclosed: _____

Payment Options:  
1) Mail in this coupon with your payment  
2) Pay by phone (800) 282-2644

Make Check Payable to:  
Midland Credit Management, Inc.

**mcm** Midland Credit Management, Inc.  
P.O. Box 60578  
Los Angeles, CA 90060-0578

12 8539094738 1 0034086 040712 6

PAP-914-B-0  
90031 - DOE7 - 1008

**IMPORTANT DISCLOSURE INFORMATION**

This is a communication from a debt collector. This is an attempt to collect a debt. Any information obtained will be used for that purpose.

Calls to and/or from this company may be monitored or recorded.

MAIL PAYMENTS TO: P.O. Box 60578, Los Angeles, CA 90060-0578

MAIL CORRESPONDENCE BUT NO PAYMENTS TO: MCM's business address at 8875 Aero Drive, Suite 200, San Diego, CA 92123