# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **VIOLET P. BLANDINA**, on behalf of herself and all others similarly situated<br>*Plaintiff* | : : : : | **CIVIL ACTION**<br><br>**NO. 13-1179** |
| **v.** | : : | |
| **MIDLAND FUNDING, LLC,** *et al.*<br>*Defendants* | : : : | |

# ORDER

**AND NOW**, this 4th day of December 2014, upon consideration of Plaintiff's *motion for partial summary judgment*, [ECF 38], Defendants' opposition thereto, [ECF 47], Plaintiff's reply, [ECF 52], and Plaintiff's notice of supplemental authority, [ECF 53], it is hereby **ORDERED** that Plaintiff's motion for partial summary judgment is:

> **GRANTED** as to the Fair Debt Collection Practices Act ("FDCPA") claims against Defendant Midland Credit Management, Inc. ("MCM"), on the issue of liability only; and,

> **DENIED** as to the FDCPA claims against Defendant Midland Funding, LLC ("MF"), because disputed issues of material fact exist as to whether MF engaged in any acts and/or omissions in violation of the FDCPA and/or exerted any/or sufficient control over MCM to be vicariously liable for MCM's conduct.[1]

---

[1] Plaintiff seeks the entry of partial summary judgment on her claims against Defendants for violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692 *et seq.*, on the issue of liability *only*. Under the FDCPA, a debt collector is prohibited from engaging in "any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt." *Id.* at §1692d. A debt collector "may not use any false, deceptive, or misleading representation or means" or "any unfair or unconscionable means" in connection with the collection of a debt. *Id.* at §1692e-1692f. If a violation occurs, the act creates a private right of action against the debt collector. *Id.* at §1692k; *Brown v. Card Serv. Cent.*, 464 F.3d 450, 453 (3d Cir. 2006). The term "debt collector" is defined as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* at §1692a(6).

Plaintiff contends that MCM's form collection letter dated March 8, 2012, attached as Exhibit A to the amended complaint, was a false, deceptive, or misleading representation or means, in connection with the collection of a debt, and/or an unfair or unconscionable means to collect or attempt to collect a

debt, thus, violating §1692e, §1692e(2) and (10), and §1692f of the FDCPA. Plaintiff's contention is premised on a representation that if the consumer recipient agreed to pay the noted reduced amount to satisfy the debt, Defendants would stop applying interest to the debt, a representation Plaintiff argues is false and misleading. Specifically, the letter contained the representation which reads: *"Benefits of Paying! We will stop applying interest to your account!"* (emphasis added). Defendants admitted that no interest was being applied to the debt.

Violation of a single provision of the FDCPA is sufficient to establish liability. *See Taylor v. Perrin, Landry, deLaunay & Durand*, 103 F.3d 1232, 1238 (5th Cir. 1997); *Clomon v. Jackson*, 988 F.2d 1314, 1318 (2d Cir. 1993); 15 U.S.C. §1692k (establishing civil liability for "any debt collector who fails to comply with any provision of this subchapter."). In order to establish a violation of the FDCPA, Plaintiff must establish that: (1) she is a "consumer" as defined in §1692a(3); (2) the debt arises out of a transaction entered into primarily for personal, family, or household purposes; (3) Defendant is a "debt collector" as defined in §1692a(6); and (4) Defendant committed some act or omission in violation of the FDCPA. *Berk v. J.P. Morgan Chase Bank, N.A.*, 2011 WL 4467746, at *3 (E.D. Pa. Sept. 26, 2011); 15 U.S.C. §1692a-1692o. MCM admits that Plaintiff has established the first three requirements, but argues that Plaintiff has failed to present evidence sufficient to establish the fourth prong.

Plaintiff disputes MCM's contention and argues that she has met the fourth prong because the above-quoted statement in the letter is false since it implies that interest is being applied to Plaintiff's account when, in fact, no interest had or will be applied. Notwithstanding, MCM disputes that the collection letter is false, deceptive or misleading, and relies on the fact that Plaintiff stated that she knew that her account was not accruing interest because she had noted that each collection letter stated the same amount of debt owed.

In this Circuit, as in the majority of circuits, communications from debt collectors are evaluated under the "least sophisticated" consumer standard. *McLaughlin v. Phelan Hallinan & Schmieg, LLP*, 756 F.3d 240, 246 (3d Cir. 2014); *Brown v. Card Serv. Ctr.*, 464 F.3d 450, 454 (3d Cir. 2006). "This low standard 'effectuate[s] the basic purpose of the FDCPA: to protect all consumers, the gullible as well as the shrewd.'" *McLaughlin*, 756 F.3d at 246. As such, it is immaterial whether Plaintiff herself was or was not misled; the issue is whether the "least sophisticated" consumer would be misled. Under this standard, a consumer is not expected to recall the contents of earlier communications from the debt collector. *See e.g., Lukawski v. Client Servs., Inc.*, 2013 WL 4647482, at *3 (M.D. Pa. Aug. 29, 2013).

The issue of whether a collection letter meets the "least sophisticated" consumer standard is a question of law, to be determined by the court. *See Wilson v. Quadramed Corp.*, 225 F.3d 350, 354 (3d Cir. 2000); *Jarzyna v. Home Properties, L.P.*, 763 F.Supp.2d 742, 748 (E.D. Pa. 2011); *Michalek v. ARS National Systems, Inc.*, 2011 WL 6180498, at *3 (M.D. Pa. Dec. 13, 2011). Here, this Court finds that the announcement in the letter – "Benefits of Paying! We will stop applying interest to your account!" – is patently false and does not meet the "least sophisticated debtor" standard. Defendants have admitted to this fact – that no interest had been applied or would be applied to Plaintiff's account, or to any similarly defaulted account which Defendant Midland Funding, LLC, had acquired.

MCM's argument that the misrepresentation in the collection letter was not "material" is without merit. As noted in the cases cited by MCM, the Third Circuit, unlike some other circuits, has not adopted a materiality requirement for a FDCPA claim, though some district courts in this Circuit have done so. *See e.g., Jensen v. Pressler & Pressler, LLP*, 2014 WL 1745042, at *4 (D.N.J. Apr. 29, 2014). Even applying such a requirement here does not change the outcome. The cited representation in the collection letter was directly connected to the underlying debt and used by MCM as an inducement to compel

BY THE COURT:

NITZA I. QUIÑONES ALEJANDRO, J.

---

Plaintiff to pay the debt. Indeed, the statement served no other purpose than to persuade a debtor to pay the debt. As such, this Court finds that the misrepresentation was material.

Based upon the totality of the facts, arguments made, and case law cited, this Court finds that Plaintiff has presented undisputed and indisputable evidence sufficient to meet her burden of proof on each element of her FDCPA claims against MCM. Therefore, Plaintiff's motion for partial summary judgment on liability *only* is granted as to the claims against Defendant MCM.

As to Plaintiff's FDCPA claims against Defendant MF, MF admits that Plaintiff has established the first three prongs of her claim, including, establishing that MF meets the statutory definition of a "debt collector" under §1692a(6), since it acquired defaulted debts, such as the debt underlying Plaintiff's claims. *See also Federal Trade Commission v. Check Investors, Inc.*, 502 F.3d 159, 173 (3d Cir. 2007) (holding that an entity that acquires debts already in default meets the statutory definition of "debt collector"); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379, 403 (3d Cir. 2000). MF argues, however, that Plaintiff has failed to establish that MF committed an act and/or omission in violation of the FDCPA. This Court finds under the circumstances that there are disputed issues of material fact as to whether MF, as opposed to MCM, engaged in any acts and/or omissions in violation of the FDCPA and/or exerted any/or sufficient control over MCM to be vicariously liable for MCM's conduct. Therefore, Plaintiff's motion for partial summary judgment is denied as to her claims against MF.