# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIOLET P. BLANDINA, on behalf of herself and all others similarly situated<br>*Plaintiff*<br><br>v.<br><br>MIDLAND FUNDING, LLC, *et al.*<br>*Defendants* | : CIVIL ACTION<br>:<br>: NO. 13-1179<br>:<br>:<br>:<br>:<br>: |

NITZA I. QUIÑONES ALEJANDRO, J.                                              FEBRUARY 2, 2015

## MEMORANDUM OPINION

### INTRODUCTION

Before this Court is a *motion in limine to determine available statutory damages* filed by Defendants Midland Funding, LLC, ("MF"), and Midland Credit Management, Inc., ("MCM") (collectively, "Defendants"). [ECF 42]. Violet P. Blandina ("Plaintiff") has filed an opposition thereto, [ECF 49], and Defendants filed a reply. [ECF 50]. This matter has been fully briefed and for the reasons stated herein, the motion is granted.

### BACKGROUND

On March 6, 2013, Plaintiff filed an amended complaint-class action on her own behalf and on behalf of a purported class of similarly-situated debtors, averring that Defendants violated various provisions of the Fair Debt Collection Practices Act ("FDCPA") by sending a collection letter, (attached as Exhibit A to the amended complaint), that was "a false, deceptive, and misleading representation or means in connection with the collection of a debt, and an unfair or unconscionable means to collect or attempt to collect a debt." [ECF 2]. Specifically, Plaintiff's contention is premised upon the representation made in Defendants' collection letter that if the consumer recipient agreed to pay a reduced amount to satisfy the debt, Defendants would stop

applying interest to the debt, when, in reality, Defendants, admittedly, were not applying interest to any debt. The collection letter read, in part:

> **"Benefits of Paying!**
> **We will stop applying interest to your account!"**

By Order dated December 23, 2014, [ECF 57], this Court granted Plaintiff's motion for class certification and certified the following class:

> All consumers in the Commonwealth of Pennsylvania to whom, from March 5, 2012, and continuing through the resolution of this action, Defendants sent a letter substantially in the form attached to the Amended Complaint as Exhibit A, in an attempt to collect a consumer debt allegedly owed to Verizon Pennsylvania, Inc.

Plaintiff, on behalf of the now-certified class, seeks recovery in the maximum statutory damages award amount of $500,000 for class actions from *each* of the two Defendants, for a total of $1,000,000 in statutory damages.[1] Defendants have filed the underlying motion seeking a legal determination as to the statutory amount of damages available.

## DISCUSSION

As noted, at issue here is the parties' disagreement as to the correct interpretation of the FDCPA provision providing the maximum amount of statutory damages recoverable in a class action suit, such as this one. Defendants argue that the FDCPA limits the recovery of a class to a maximum amount of $500,000 *per action*, regardless of the number of named defendants. Plaintiff disagrees, and argues that the statute permits recovery on behalf of a class in the amount of $500,000 per named defendant.

Section 1692k of the FDCPA, the damages provision, provides:

> (a) Amount of damages

---

[1]   Defendants have stipulated that their net worth is sufficiently high to trigger the $500,000 statutory damage limit as opposed to the "1 per centum of the net worth" calculation.

> Except as otherwise provided by this section, any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of--
>
> (1) any actual damage sustained by such person as a result of such failure;
>
> (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; or
>
> (B) in the case of a class action, (i) such amount for each named plaintiff as could be recovered under subparagraph (A), and (ii) such amount as the court may allow for all other class members, without regard to a minimum individual recovery, not to exceed the lesser of $500,000 or 1 per centum of the net worth of the debt collector.

15 U.S.C. §1692k.

While the Third Circuit has not addressed directly whether the FDCPA statutory limit for class actions provides a maximum amount of recovery *per action* as opposed to *per defendant*, the Third Circuit, along with numerous other courts, has found that the $1,000 statutory limit for individual plaintiff claims provides a maximum recovery *per action* in actions involving multiple defendants. *See e.g.*, *Goodman v. People's Bank*, 209 F. App'x 111, 114 (3d Cir. 2006) (holding in an FDCPA case involving multiple defendants that the FDCPA limits an individual's statutory recovery to $1,000); *Weiss v. Regal Collections*, 385 F.3d 337, 340 (3d Cir. 2004) (holding in an FDCPA case involving multiple defendants that the FDCPA limits individual statutory recover to $1,000).[2] Despite the fact that the Third Circuit has not expressly addressed this issue, *i.e.*,

---

[2] *See also Piper v. Portnoff Law Assocs.*, 216 F.R.D. 325, 3330 (E.D. Pa. 2003) (holding in an FDCPA case involving multiple defendants that the FDCPA limits individual statutory recovery to $1,000 per action rather than per violation); *Warren v. Sessoms & Rogers, P.A.*, 676 F.3d 365, 371 (4th Cir. 2012) (finding in an FDCPA case involving multiple defendants that the FDCPA statute "contemplates a maximum recovery of $1,000 in statutory damages 'in any action by an individual.'"); *Brookter v. GC*

whether the maximum available recovery is *per action*, rather than *per defendant*, this Court finds that the Third Circuit's interpretation of the similarly-worded provision providing a $1,000 statutory damages limit per action in individual FDCPA claims, dictates a similar outcome with regard to the FDCPA class action damages provision.

When interpreting the damages provision applicable to individual FDCPA claims, as defined in §1692k(a)(2)(A), courts have focused on Congress' inclusion of the language "in the case of any action by an individual," preceding the statutory maximum. Giving this language its plain meaning, these courts have determined that Congress intended that there be a $1,000 statutory maximum per "action," as opposed to *per violation* or *per defendant*. The portion of this same provision which provides the statutory maximum for class actions contains the same reference to an "action." Specifically, §1692k(a)(2)(B) commences with "in the case of a class action . . ." preceding the statutory maximum. Thus, under the same reasoning of the cases cited herein, this Court finds that Congress' inclusion of the term "action" preceding the statutory maximum of $500,000 for class actions clearly denotes Congress' intent that the $500,000 statutory maximum is *per class action*, and not per defendant. Because Congress chose to write that class action damages would be limited to $500,000 per "action," we find that the plain language of §1692k(a)(2)(B) provides a maximum statutory damages award of $500,000 in a class action, regardless of the number of defendants.[3]

---

*Services Ltd. Partnership*, 2011 WL 1584651, at *3 (S.D. Tex. Apr. 26, 2011) (holding in FDCPA case involving multiple defendants that plaintiff was entitled to a maximum statutory award of $1000).

[3] Although neither party has cited any decisions in which a court has expressly and/or directly addressed the issue before this Court, a number of courts have implicitly, without discussion, limited FDCPA class action damages to $500,000 *per action*, where those actions involved multiple defendants. *See e.g., McCall v. Drive Financial Services, L.P.*, 440 F.Supp.2d 388 (E.D. Pa. 2006) (holding that defendants in an FDCPA class action were potentially liable for at most $500,000 in statutory damages, plus the $1000 available to the named plaintiff); *Hernandez v. Midland Credit Management, Inc.*, 236

## CONCLUSION

For the reasons set forth herein, Defendants' motion *in limine* is granted, and the certified class will be limited to a total maximum statutory damages award of $500,000. An order consistent with this memorandum opinion follows.

NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.

---

F.R.D. 406, 414 (N.D. Ill. 2006) (stating in a class action matter involving multiple defendants that the "FDCPA caps statutory damages in class actions . . . at the lesser of $500,000 or 1 percent of the debt collector's net worth."); *Garland v. Cohen & Krassner*, 2011 WL 6010211, at *8 (E.D.N.Y. Nov. 29, 2011) (holding in FDCPA class action involving multiple defendants that class damages are limited to "an amount not to exceed the lesser of $500,000 or one percent of defendants' net worth . . . .").