UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIOLET P. BLANDINA, on behalf of herself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND FUNDING, LLC,<br>MIDLAND CREDIT MANAGEMENT, INC.<br><br>Defendants. | CLASS ACTION<br><br>C. A. No. 13-1179 |

## *AMENDED* ORDER PRELIMINARILY APPROVING SETTLEMENT AND DIRECTING NOTICE TO CLASS

The Court, having reviewed the Settlement Agreement entered into by the parties, hereby Orders that:

1. The Court has considered the proposed settlement of the claims asserted by the class of Pennsylvania consumers certified by Order entered December 24, 2014 (Docs. 56, 57) and defined as follows (the "Class"):

   All consumers in the Commonwealth of Pennsylvania to whom, from March 5, 2012, and continuing through the resolution of this action, Defendants sent a letter substantially in the form attached to the Amended Complaint as Exhibit A, in an attempt to collect a consumer debt allegedly owed to Verizon Pennsylvania, Inc.

2. The Settlement Agreement entered into between the parties as of August 21, 2015, appears, upon preliminary review, to be fair, reasonable and adequate to the Class. Accordingly, the proposed settlement is preliminarily approved, pending a final approval hearing as provided for herein.

3. The Court has ruled that the prerequisites to a class action under Fed. R. Civ. P. 23(a) have been satisfied in that:

(a) there are approximately 134,000 members of the Class;

(b) the claims of the Class Representative are typical of those of the other members of the Settlement Class;

(c) there are questions of fact and law that are common to all members of the Class; and

(d) the Class Representative will fairly and adequately protect the interests of the Class and has retained Class Counsel experienced in consumer class action litigation who have and will continue to adequately represent the Class.

Doc. 56, pp. 4-11.

4. The Court has ruled that this action is maintainable as a class action under Fed. R. Civ. P. 23(b)(3) because (a) a class action is superior to other available methods for the fair and efficient adjudication of this controversy, and (b) questions of fact and law common to the members of the Class predominate over any questions affecting only individual members. Doc. 56, pp. 11-14.

5. The Court has appointed Plaintiff Violet P. Blandina as the Class Representative and the law firms of Francis & Mailman, P.C. and Sabatini Law Firm LLC as counsel for the Class ("Class Counsel"). Doc. 57.

6. The Court will hold a final approval hearing pursuant to Fed. R. Civ. P. 23(e) on March 28, 2016, at 10:00AM, for the following purposes:

(a) To determine whether the proposed settlement is fair, reasonable and adequate and should be granted final approval by the Court;

(b) To determine whether a final judgment should be entered dismissing the claims of the Class with prejudice, as required by the Settlement Agreement;

2

(c)     To consider the application of Class Counsel for an award of attorney's fees and expenses, and for an individual settlement award to the Class Representative; and

(d)     To rule upon other such matters as the Court may deem appropriate.

7.  (a)     On November 6, 2015, the Settlement Administrator shall send the Notice in the form attached to the Settlement Agreement as Exhibit D to the last known first class mailing address of Class Members as reflected in Defendants' records.

(b)     Not later than January 11, 2016, the Settlement Administrator will cause a declaration to be filed with the Court that the Notice described above was given as required herein.

8.     The Court finds this manner of giving notice fully satisfies the requirements of Fed. R. Civ. P. 23 and due process, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

9.     The costs of printing and mailing the Notice and administering the settlement shall be paid by Defendants separate and apart from the monies to be paid to the Class, for attorneys' fees and costs and to the Class Representative.

10.     Class Members shall have until January 18, 2016, to exclude themselves from the proposed Settlement Agreement, or to object to the proposed Settlement Agreement.

11.     If a Class Member chooses to opt-out of the Class, such Class Member is required to submit a request for exclusion to the Settlement Administrator, post-marked on or before the date specified in the Class Notice, which shall be no later than January 18, 2016. A Class Member who submits a request for exclusion using the procedure identified above shall be excluded from the Class for any and all purposes. No later than February 22, 2016, Class Counsel shall prepare and file with the Court, and serve on Defendants' Counsel, a list of all

persons who have timely opted out of the Class, as compiled by the Settlement Administrator. At that time, Class Counsel shall also supply its determination as to whether any request to opt out of the Class was not submitted timely, and provide written notification to any Class Member whose request to opt out of the Class was not submitted on a timely basis.

12. A Class Member who does not file a timely a request for exclusion shall be bound by all subsequent proceedings, orders, and judgments in this action. Any Class Member who submits a timely request for exclusion may revoke his or her request for exclusion by submitting to the Settlement Administrator a written statement of revocation, postmarked or received no later than February 17, 2016.

13. Any class member who wishes to object to the Settlement must submit his/her objection in writing to the Clerk of the Court for the United States District Court for the Eastern District of Pennsylvania, and serve copies of the objection on Class Counsel and Defendants' counsel by January 18, 2016. Any objection filed must include the name, address, telephone number and signature of the objector, the specific objections and the basis for them, confirmation that the objector is a member of the Class, and any legal support the objector wishes to bring to the Court's attention and any evidence the objector wishes to introduce in support of the objection. Objectors who have filed written objections to the Settlement may also appear at the final approval hearing and be heard on the fairness of the Settlement. The written objection should also indicate whether the objector or his/her lawyer intends to appear at the final approval hearing.

14. In order to receive a portion of the case payment under the Settlement Agreement, Class Members must complete and return the claim form to the settlement administrator, postmarked by February 17, 2016.

15. No later than February 22, 2016, Class Counsel shall prepare and file with the Court, and serve on Defendants' counsel, a list of all persons who have timely objected to the settlement.

16. All motions, briefs, memoranda, petitions and affidavits to be filed in support of final approval of the settlement, for an individual award to the Class Representative and for an award of attorney's fees and expenses shall be filed not later than February 22, 2016, and must comply with the requirements of Fed.R.Civ.P. 23(h).

17. The Court retains exclusive jurisdiction over this action to consider all further matters arising out of or connected with the Settlement Agreement.

BY THE COURT:

/s/ *signature*
NITZA I. QUIÑONES ALEJANDRO
U.S.D.J.

Dated: Oct. 28, 2015