UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **VIOLET P. BLANDINA, on behalf of herself and all others similarly situated,** )<br>)<br>**Plaintiff,** )<br>)<br>v. )<br>)<br>**MIDLAND FUNDING, LLC,** )<br>**MIDLAND CREDIT MANAGEMENT, INC.** )<br>)<br>**Defendants.** )<br>) | **CLASS ACTION**<br><br>**C. A. No. 13-1179** |

**DECLARATION OF DAVID A. SEARLES SUBMITTED IN
SUPPORT OF PLAINTIFF'S MOTION FOR INTERIM AWARD OF
ATTORNEYS' FEES AND REIMBURSEMENT OF EXPENSES
INCURRED ON BEHALF OF FRANCIS & MAILMAN, P.C.**

I, David A. Searles, declare as follows:

1. I am an attorney with the firm of Francis & Mailman, P.C. I submit this declaration in support of the firm's application for an award of attorneys' fees in connection with services rendered in this case, as well as the reimbursement of expenses incurred by my firm in connection with this litigation.

2. My firm acted as Co-Class Counsel in this action. I personally handled or was directly involved in virtually all aspects of this litigation. The tasks my firm performed can be summarized as follows:

   a) Drafting and filing Class Action Complaint and Amended Complaint;

   b) Preparing for and attending Rule 16 conference;

   c) Drafting all written discovery requests;

   d) Preparing and serving responses to Defendants' written discovery requests;

1

e) Taking the lead in meetings and discussions with opposing counsel regarding case management, discovery disputes and all aspects of case;

f) Preparing for and attending two full day mediation sessions;

g) Meeting with Plaintiff as necessary throughout case;

h) Defending Plaintiff's deposition;

i) Preparing for and questioning Rule 30(b)6 deposition witness designated by Defendants;

j) Drafting motions and supporting briefs for interim class counsel appointment, partial summary judgment and class certification;

k) Drafting briefs in response to Defendants' motion for summary judgment and motion *in limine*;

l) Drafting proposed notice to certified Class;

m) Drafting motion for award of interim fees and costs.

n) Handling further settlement negotiations with defense counsel.

o) Preparing for settlement conference with magistrate judge.

p) Documenting settlement agreement and collateral exhibits such as notice to class membership, and forms of proposed Orders.

q) Reporting to Court on status of settlement.

r) Preparing motion for preliminary approval of class settlement.

s) Handling approximately 540 calls from class membership regarding settlement terms.

t) Preparing motions for final approval and for fees and costs.

u) Attending final approval hearing on behalf of Plaintiff.

2

    v)  Anticipated handling contacts from class membership after final approval throughout claims payment process.

  3.  The Schedule of Time Expended attached hereto as Exhibit A is a detailed and specific summary indicating the amount of time, by specific work expended, spent by each attorney and paralegal who was involved in this litigation, and the lodestar fee calculation based on my firm's current billing rates. Along with me, the primary attorney who has submitted billable time in this litigation is James A. Francis.  Additionally, my firm seeks billable time for the paralegals referenced below. The Schedule was prepared from contemporaneous time records regularly prepared and maintained by my firm.  Time expended which has been considered duplicative or redundant has been eliminated from this lodestar.  As each attorney contemporaneously records time according to his or her own activity descriptions and/or shorthand, there are some variations in the description of an activity and the parties involved in an activity (*i.e.,* sometimes one attorney uses abbreviations for an activity such as "t/c" for telephone call and another does not).  Time expended in preparing this application for fees and reimbursement of expenses has been included in this request.  Consistent with our firm's usual practice, tasks and assignments were apportioned to avoid the expenditure of duplicative time and redundant staffing.

  4.  The hourly rates charged by my firm included in Exhibit A are the same as the regular current rates charged to clients who retain the firm in connection with non-class matters.

  5.  The hourly rate charged by me is $700.00 and by Mr. Francis, $580.00.  The hourly rates for the paralegals who are working on the case are referenced below. The rates charged by the attorneys and paralegals of my firm are reasonable and within the range of the appropriate market rates charged by attorneys with comparable experience levels for litigation of a similar

nature, given their experience level, practice concentration and background.  *See Sapp v. Experian Information Solutions, Inc.,* 2013 WL 2130956, * 2 (E.D. Pa. May 15, 2013); *Chakejian v. Equifax Information Services, LLC*, 275 F.R.D. 201, 216-17 (E.D. Pa. 2011).  *See also*, July 1, 2014 expert report of Abraham C. Reich, Esquire, Co-Chair and Partner for the law firm of Fox Rothschild, LLP, attached hereto as Exhibit B.

6. The hourly rates petitioned for in this litigation are consistent with those which have been approved for the undersigned and for other attorneys in the firm by other courts in the past. *See Giddiens v. LexisNexis Risk Solutions, Inc.*, No. 2:12-cv-2624 (E.D. Pa. Jan. 20, 2015) (Doc. 56) (granting fee request in full based upon same analysis and hourly rates proposed here); *King v. General Information Services, Inc*., C.A. No. 10-6850 (E.D. Pa. Nov. 4, 2014) (Doc. 126) (approving same hourly rates and awarding lodestar multiplier of 1.38); *Robinson v. General Information Services, Inc.,* C.A. No. 11-7782 (E.D. Pa. Nov. 4, 2014) (Doc. 57) (approving same hourly rates and awarding lodestar multiplier of 1.50); *Sapp v. Experian Information Solutions, Inc.,* 2013 WL 2130956, at *2-3 (approving fee petition in full); *Baker v. International Bank,* C.A. No. 08-5668 (D.N.J. Feb. 28, 2013) (Rodriguez, J.) (Doc. 110) (approving firm's fee petition in full); *Chakejian v. Equifax Information Services, LLC,* 275 F.R.D. at 216, n. 19 (adopting expert opinion testimony finding hourly rates of up to $525.00 reasonable for Mr. Francis and Mr. Mailman); *Reibstein v. Rite Aid Corporation,* 761 F. Supp. 2d 241, 260 (E.D. Pa. 2011) (approving hourly rate of $650 for Mr. Searles); *McCall v. Drive Financial*, January Term 2006, No. 0005 (C.P. Phila. July 20, 2010) (DiVito, J.) (approving hourly rate of $650 for Mr. Searles).

7. The lodestar of the firm for work performed with respect to this case is as follows:

**Attorneys**

|  | Hourly Rate | Hours | Fees |
|---|---|---|---|
| James A. Francis | $580 | 59.8 | $34,684.00 |
| David A. Searles | $700 | 267.7 | $188,790.00 |
| Mark D. Mailman | $580 | 2.8 | $1,624.00 |
| John Soumilas | $470 | .3 | $141.00 |
| Lauren KW Brennan | $200 | 11.6 | $2,320.00 |

**Paralegals**

|  | Hourly Rate | Hours | Fees |
|---|---|---|---|
| Paralegals | $165 | 161.7 | $26,680.50 |
| Legal assistants | $140 | 85.6 | $11,984.00 |

**TOTAL FEES:**    $ 266,223.50

8. My firm's lodestar figures are based upon the firm's billing rates, which rates do not include charges for expense items. Expense items are billed separately and such charges are not duplicated in my firm's billing rates.

9. As detailed in Exhibit C, my firm has incurred a total of $9,651.05 in unreimbursed expenses in connection with the prosecution of this litigation.

10. The expenses incurred in this action are reflected on the books and records of my firm. These books and records are prepared from expense vouchers, check records and other source materials and are an accurate recordation of the expenses.

11. With respect to the standing of counsel in this case, attached hereto as Exhibit D is a brief biography of my firm, including summaries of our professional experience.

I declare under the penalty of perjury that the foregoing is true and correct. Signed this 9th day of March, 2016.

                              /s/ David A. Searles
                              DAVID A. SEARLES
                              Attorney for Plaintiff