# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| VIOLET P. BLANDINA, on behalf of herself and all others similarly situated<br>*Plaintiff* | CIVIL CLASS ACTION<br><br>NO. 13-1179 |
| v. | |
| MIDLAND FUNDING, LLC, MIDLAND CREDIT MANAGEMENT, INC.<br>*Defendants* | |

## FINAL APPROVAL ORDER

**AND NOW**, this 31st day of May 2016, upon consideration of Plaintiff's *motion for final approval of class action settlement*, [ECF 87], and Plaintiff's *motion for attorneys' fees, reimbursement of expenses and award to class representative*, [ECF 88], which seek approval of the settlement agreement ("Settlement Agreement") between Plaintiff Violet P. Blandina ("Plaintiff"), individually, and as representative of the class of persons defined below ("Settlement Class"), and Defendants Midland Funding, LLC, and Midland Credit Management, Inc., ("Defendants"), and following a fairness hearing held on March 28, 2016, in accordance with Federal Rule of Civil Procedure ("Rule") 23, it is hereby **ORDERED** that the motion for final approval and the motion for attorneys' fees and costs are **GRANTED**, as outlined in this Order and the accompanying Memorandum Opinion.

Based on the evidence presented at the fairness hearing and upon a review of the submissions of the parties, the following determinations are made:

1. This Court has jurisdiction over the subject matter of this lawsuit, Plaintiff, Settlement Class Members, and Defendants.

2. Consistent with the parties' stipulations and this Court's Preliminary Approval Orders, [ECF 80, 83], this action satisfies the applicable prerequisites for class action treatment under Rule 23(a) and (b); *to wit*: the class, as defined in the Settlement Agreement (the "Class"), is so numerous that joinder of all members is not practicable; there are questions of law and fact common to the Class; the claims of the Class Representative are typical of the claims of the Class; and the Class Representative will fairly and adequately protect the interests of the Class. Questions of law and fact common to the members of the Class predominate over any questions affecting only individual members. These questions include whether Defendants violated the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. §1692a, *et seq.*, by sending Plaintiff, and others similarly situated, a form collection letter that allegedly misrepresented that interest was accruing on a debt owed, when in fact, it was not. The treatment of this matter as a class action is superior to other available methods for the fair and efficient adjudication of this action.

3. Previously, this Court approved a form of notice for mailing to the Settlement Class and ordered its dissemination. According to the parties' submissions, this approved form of notice was sent by first class mail to approximately 132,737 potential Settlement Class members by Dahl Administration, the third-party settlement administrator. After re-tracing and re-mailing notices that were initially returned as undeliverable, a total of 119,915 (or 90.34%) of the 132,737 notices were successfully mailed to potential class members. As such, notice to the Class required by Rule 23(e) has been mailed and provided in accordance with the Court's Preliminary Approval Order, and in an adequate and sufficient manner, constituting the best notice practicable under the circumstances, and satisfying Rule 23(e) and due process.

4. Defendants have timely filed notification of this settlement with the appropriate federal officials pursuant to the Class Action Fairness Act of 2005 ("CAFA"), 28 U.S.C. §1715.

This Court has reviewed such notification and accompanying materials, and finds that the Defendants' notification complies fully with the applicable requirements of CAFA.

5. The Settlement Agreement was reached as a result of arms-length negotiations conducted in good faith by counsel for the parties, and is supported by the class representative.

6. The settlement, as set forth in the Settlement Agreement, is fair, reasonable and adequate to the members of the Class in light of the complexity, expense, duration of litigation, and the risks involved in establishing liability, damages and maintaining the class action through trial and appeal.

7. The relief provided under the settlement constitutes fair value given in exchange for the releases of claims set forth in the Settlement Agreement.

8. No class members have excluded themselves from the Class in accordance with the provisions of the Preliminary Approval Order or have filed any objections.

9. The parties and each Class member have irrevocably submitted to the exclusive jurisdiction of this Court for any suit, action, proceeding or dispute arising out of the Settlement Agreement.

10. It is in the best interests of the parties and the Class members and consistent with principles of judicial economy that any dispute between any Class member (including any dispute as to whether any person is a Class member) and any Released Party which in any way relates to the applicability or scope of the Settlement Agreement or the Final Judgment and Order should be presented exclusively to this Court for resolution.

Accordingly, it is **ORDERED** that:

1. This action is finally certified as a class action against Defendants Midland Funding, LLC, and Midland Credit Management, Inc., on behalf of a Class defined as follows:

All consumers in the Commonwealth of Pennsylvania to whom, from March 5, 2012, and continuing through the resolution of this action, Midland Credit Management, Inc., sent a letter substantially in the form attached to the Amended Complaint as Exhibit A, in an attempt to collect a consumer debt allegedly owed to Verizon Pennsylvania, Inc.

2. The Settlement Agreement submitted by the parties is finally approved pursuant to Rule 23(e) as fair, reasonable, and adequate, and in the best interests of the Class. The parties are directed to consummate the Settlement Agreement in accordance with its terms.

3. In addition, Class Counsel's litigation expenses and attorneys' fees are approved in the amount of $245,000.00. This Court also approves a payment to the Class Representative, Violet P. Blandina, in the amount of $5,000.00 as consideration of her individual claims against Defendants and for the valuable service she performed for and on behalf of the Class.

4. As agreed by the parties in the Settlement Agreement, upon the Effective Date, as that term is defined in the Settlement Agreement, Defendants shall make the following payments:

(a) the sum of three hundred fifty thousand dollars ($350,000.00)[1] to the Settlement Administrator to be paid and distributed on a *pro rata* basis to the Claiming Class Members who submit valid and timely Claim Forms in the form attached to the Settlement Agreement as Exhibit A no later than fifteen (15) days prior to the Final Approval Hearing;

(b) the sum of five thousand dollars ($5,000.00) as an individual settlement and service award to the Class Representative, Plaintiff Violet P. Blandina; and

(c) the sum of two hundred forty-five thousand dollars ($245,000.00) to Class Counsel.

In addition, Plaintiff and Class Members who do not timely exclude themselves from the Class grant the following releases:

---

[1] Though Plaintiff repeatedly refers throughout her papers to the class action settlement amount of $350,000, the parties' settlement agreement contains what appears to be a typographical error at Paragraph 2.6(a)(i), which refers to the sum of "three hundred fifty thousand, five hundred dollars ($350,000.00). . . ."

(d) Plaintiff agrees that the Lawsuit shall be dismissed with prejudice, and Plaintiff and all Class Members who do not timely exclude themselves from the Class, on behalf of themselves, their heirs, assigns, executors, administrators, successors, agents, attorneys, representatives and assigns, hereby remise, release and forever discharge Defendants, their parents, subsidiaries, predecessors, successors, assignees, present and former officers, directors, employees, shareholders, representatives, insurers, and attorneys (collectively the "Released Parties"), from any and all liabilities, causes of action, claims, whether known or unknown, that were asserted in the Amended Complaint.

(e) The Class Representative, for herself only and not on behalf of the members of the Class, hereby fully, finally, irrevocably, and forever releases the Released Parties, from any and all liabilities, claims, causes of action, damages, costs, attorneys' fees, losses, or demands, whether known or unknown, existing or potential, suspected or unsuspected, of any kind or nature whatsoever.

(f) Nothing contained in the Settlement Agreement shall be construed to reduce the amount of debt claimed to be owed to Midland by Class Members, and no release of same is contemplated by this paragraph. In addition, nothing in the Settlement Agreement shall be construed to preclude or limit the right of a Class member to assert any claims or defenses to debt collection attempts by Midland (whether judicial or nonjudicial), other than the claims described in Section 4.1 of the Settlement Agreement.

5. The terms of the Settlement Agreement are incorporated into this Order.

6. Consistent with the parties' agreement, within thirty (30) days following the last void date of the Settlement Class members' checks, any uncashed checks or undistributed funds will be paid by Dahl Administration, on behalf of Defendants, to the following *cy pres* recipient: Jump$tart Coalition for Personal Financial Literacy, a 501(c)(3) non-profit organization, for uses including consumer education and financial literacy.

7. Without affecting the finality of the judgment, this Court hereby reserves and retains jurisdiction over this settlement, including the administration and consummation of the settlement. In addition, without affecting the finality of this judgment, the court retains exclusive jurisdiction over Defendants and each member of the Class for any suit, action, proceeding or

dispute arising out of or relating to this Order, the Settlement Agreement or the applicability of the Settlement Agreement.

8. The Parties are hereby **ORDERED** to comply with the terms of the Settlement Agreement and this Order.

9. This Court finds, in accordance with Rule 54(b), that there is no just reason for delay of enforcement of this Order. This action is hereby dismissed on the merits, with prejudice and without costs. The Clerk of Court is directed to enter final judgment and to mark this matter **CLOSED**.

                                          **BY THE COURT:**

                                          */s/ Nitza I. Quiñones Alejandro*
                                          **NITZA I. QUIÑONES ALEJANDRO**
                                          *Judge, United States District Court*